In the
# United States District Court
### For the
### Eastern District of Wisconsin

Anthony Christian,

        Plaintiff,

    v.                              Case No.  2:26-cv-01210

Froedtert & the Medical College of Wisconsin,

        Defendant.

# COMPLAINT

## I.      NATURE OF ACTION

101.    The Plaintiff brings this civil action under 42 U.S. C. § 1981 and the common law of Wisconsin to obtain appropriate relief for the violations of his rights to be free from excessive use of force and detention which occurred while he was checking into an emergency surgery appointment at the Eye Institute of Milwaukee in Milwaukee, Wisconsin.

## II. JURISDICTION AND VENUE

### A. Jurisdiction.

#### 1. Federal Question Jurisdiction.

201. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction).

#### 2. Supplemental Jurisdiction.

202. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims).

### B. Venue

202. The Eastern District of Wisconsin is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Eastern District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

## III. PARTIES

### A. Plaintiffs

203. The Plaintiff, Anthony Christian, is a natural person with the capacity to sue and be sued in this Court.

204. Mr. Christian is an African American.

2

### B. Defendants

205. The Defendant, Froedtert & the Medical College of Wisconsin, is a Wisconsin business entity with the capacity to sue and be sued in this Court.

### IV. ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401. Froedtert & the Medical College of Wisconsin owns and operates the Eye Institute of Milwaukee.

402. On May 17, 2024, Plaintiff Anthony Christian arrived at the Eye Institute of Milwaukee for an emergency eye operation for glaucoma.

403. Mr. Christian was originally dropped off at the main hospital, Froedtert hospital, and he then walked to the Eye Institute.

404. While outside of the building, Mr. Christian was smoking a cigarette.

405. A security guard, Yvette McFarland, approached Mr. Christian and yelled at him to put the cigarette out.

406. Security guard McFarland told him "Don't you see the signs that say no smoking?"

407. Mr. Christian explained he is legally blind in one eye, and he cannot read those signs.

408. McFarland called for assistance, claiming that Mr. Christian was getting increasingly upset.

409. Mr. Christian then headed inside to check in for his appointment.

3

410. Security guard McFarland followed Mr. Christian inside.

411. The receptionist told McFarland to leave so Mr. Christian could calm down and attend his appointment.

412. Six security officers, including McFarland and the backup contingent she had summoned earlier, approached Mr. Christian in the waiting room.

413. While the group of officers surrounded Mr. Christian, he became emotional and resisted obeying instructions.

414. The officers seized Mr. Christian physically and took him out of the building.

415. Outside, one of the security officers handcuffed Mr. Christian and held him down until police arrived.

416. Wauwatosa police officer David Cefalu arrived at the scene.

417. Officer Cefalu immediately removed Mr. Christian from the ground.

418. Officer Cefalu brought Mr. Christian to his squad car, removing his handcuffs and sitting him down in the back seat.

419. Officer Cefalu assessed the situation, conversing with all parties involved.

420. Officer Cefalu recognized the exaggeration of the situation and the excessive use of force by the Eye Institute's security staff.

421. Officer Cefalu then drove Mr. Christian to the Mayfair Mall.

4

422. As a result of the excessive use of force and detention employed by the security staff at the Eye Institute of Milwaukee related to a smoking violation, Mr. Christian has experienced both emotional and physical distress, all of which were compounded by the ongoing challenges of living with partial blindness.

423. Mr. Christian was arrested, handcuffed, and forcefully held down until police arrived. Mr. Christian had to postpone his original emergency appointment to a later date.

424. If everything else had been the same but Mr. Christian had been white he would not have been subjected to the degree of force and the involuntary detention imposed upon him by the Defendant's agents.

## V. BASES OF LIABILITY UNDER LAW

### A. Federal Civil Rights Claims.

#### 1. The Civil Rights Act of 1866, 42 U.S.C. Sec. 1981.

##### a. Anthony Christian.

501. The entity defendant, Froedtert & the Medical College of Wisconsin, is liable to Plaintiff Christian pursuant to The Civil Rights Act of 1866, 42 U.S.C. Sec. 1981, because its employees because its employees discriminated against him because of his race.

5

### B. State Law Claims.

#### 1. Negligence

502. The employees of the entity defendant, Froedtert & the Medical College of Wisconsin, were negligent and their negligence caused Mr. Christian to be inconvenienced, confronted by law enforcement, detained, arrested, physically injured, and embarrassed.

#### 2. Battery

503. The employees of the corporate defendant, Froedtert & the Medical College of Wisconsin, committed the common law tort of battery.

#### 3. False Imprisonment

504. The employees of the corporate defendant, Froedtert & the Medical College of Wisconsin, committed the common law tort of false imprisonment.

## VI. DAMAGES and EQUITY

### A. Compensatory Damages

601. By virtue of the unlawful actions alleged above, the Plaintiff suffered injury to his person, his personal reputation, emotional distress, and other damages for which he should be compensated in amounts deemed just by the Court.

### B.    Punitive Damages

602.    Because the acts of the individual agents of the corporate Defendant herein alleged were carried out with reckless disregard for the Plaintiff's fundamental rights, the Plaintiff also seeks an award of punitive damages against the Defendant to deter it and others similarly situated from committing similar wrongful acts in the future.

## VII.    CONDITIONS PRECEDENT

701.    All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## VIII.    REQUEST FOR TRIAL BY JURY

801.    The Plaintiff hereby requests a jury trial.

## IX.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court grant him judgment against the Defendants, awarding him compensatory damages in an amount that will fairly compensate him for his injuries; punitive damages in an amount that will adequately deter the individual Defendant and others similarly situated from similar unlawful actions in the future; and costs, attorneys' fees and litigation expenses, as well as any further relief this Court deems just and lawful.

Dated this Thursday, July 09, 2026.

Respectfully submitted,

Anthony Christian,

Plaintiff,

By


THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
1025 Quinn Drive, Suite 500
Waunakee, WI  53597-2502
Phone:          608 283-6001
Fax:             608 283 0945
E-mail:         jsolson@scofflaw.com


/s/     Jeff Scott Olson
_____

Jeff Scott Olson

ATTORNEYS FOR PLAINTIFF

8